# Exhibit A

# Texas Department of Transportation

125 EAST 11TH STREET | AUSTIN, TEXAS 78701-2483 | (512) 463-8630 | WWW.TXDOT.GOV

March 21, 2016

BNS Trucking, Inc
6 W. Pebble Court
Palos Hills, IL 60465

Re: OGC No. 41774
    Cause No. 2016CT000518 D2
    Webb County
    Plaintiff: Ana Clarissa Valdez
    Defendant: BNS Trucking, Inc

To Whom It May Concern:

In compliance with the Texas long-arm statute, Texas Civil Practice and Remedies Code, Chapter 17, Subchapter D, the Chair of the Texas Transportation Commission was duly served with the enclosed Citation and Plaintiff's Original Petition and Request for Disclosure on March 11, 2016.

This agency's only role in the process is to serve as an out-of-state defendant's agent for service of process. We are unable to answer any questions or respond to correspondence regarding this lawsuit. All questions or concerns should be addressed to the attorney noted below.

Office of General Counsel

Enclosures

cc: August Toudouze
    Attorney at Law
    19210 Huebner Rd., Suite 101
    San Antonio, TX 78258-3103
    Telephone (210) 271 7110

U.S. Certified Mail No. 7015 0640 0004 4922 2790
Return Receipt Requested

"SERVING"
2016CVT000518 D2

# CITATION

THE STATE OF TEXAS
COUNTY OF WEBB

NOTICE TO THE DEFENDANT: "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION AND REQUEST FOR DISCLOSURE, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

TO: BNS TRUCKING, INC. BY SERVING
YUNUS ISMOILOVICH SHIRINOV   AND
6 W. PEBBLE COURT
PALOS HILLS, IL.

BY SERVING THE CHAIRMAN,
TEXAS TRANSPORTATION COMMISSION
125 E. 11TH ST.
AUSTIN, TX  78701-2483

DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 111TH DISTRICT COURT of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Petition of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2016CVT000518 D2 , styled:

ANA CLARISSA VALDEZ, PLAINTIFF
VS.
YUNUS ISMOILOVICH SHIRINOV AND BNS TRUCKING, INC., DEFENDANTS

Said Plaintiff's Petition was filed on 02/25/2016 in said court by:
AUGUST TOUDOUZE, ATTORNEY FOR PLAINTIFF
19210 HUEBNER ROAD STE 101
SAN ANTONIO,  TX 78258

WITNESS ESTHER DEGOLLADO, DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued and given under my hand and seal of said court at office, this 3 day of March, 2016.

C   L   E   R   K   O   F   C   O   U   R   T

CALENDAR CALL COURT DATE:
5/3/2016      11:00 AM

ESTHER DEGOLLADO
WEBB COUNTY DISTRICT CLERK
P.O. BOX 667
LAREDO, TX 78042

RECEIVED
MAR 11 2016
GENERAL COUNSEL



BY: _____ DEPUTY
DIANA VELA

2016CVT000518 D2

# OFFICER'S RETURN

Came to hand on the _____ day of _____, 2016 at _____ O'CLOCK _____.M. Executed at _____, within the COUNTY of _____ at _____ O'CLOCK _____.M. on the _____ day of _____, 2016, by delivering to the within named **BNS TRUCKING, INC. BY SERVING YUNUS ISMOILOVICH SHIRINOV,** each, in person, a true copy of this citation together with the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

The distance actually traveled by me in serving such process was _____ miles, and my fees are as follows:

Total Fee for serving this citation    $ _____.

To certify which, witness my hand officially.

_____
SHERIFF, CONSTABLE

_____ COUNTY, TEXAS

BY _____
                                DEPUTY

THE STATE OF TEXAS }
COUNTY OF WEBB          }

Before me, the undersigned authority, on this day personally appeared _____, who after being duly sworn, upon oath said that a notice, of which the above is a true copy, was by him/her delivered to _____ on the _____ day of _____, _____.

SWORN TO AND SUBSCRIBED BEFORE ME on the _____ day of _____, _____, to certify which witness my hand and seal of office.

_____
                              NOTARY PUBLIC
MY COMMISSION EXPIRES _____

RECEIVED
MAR 11 2016
GENERAL COUNSEL

Filed
2/25/2016 3:43:02 PM
Esther Degollado
District Clerk
Webb District
Diana Vela
2016CVT000518D2

CAUSE NO. _____

| | | |
|---|---|---|
| ANA CLARISSA VALDEZ, | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| | § | |
| VS. | § | _____ JUDICIAL DISTRICT |
| | § | |
| YUNUS ISMOILOVICH SHIRINOV and | § | |
| BNS TRUCKING, INC., | § | |
| Defendants | § | WEBB COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, **ANA CLARISSA VALDEZ**, Plaintiff in the above-entitled and numbered cause, by and through their undersigned counsel of record, complaining of **YUNUS ISMOILOVICH SHIRINOV and BNS TRUCKING, INC.**, Defendants, and for cause of action would respectfully show unto the Court and Jury as follows:

I.

Plaintiff, **ANA CLARISSA VALDEZ** is an individual residing in Laredo, Webb County, Texas, at the time the instant cause of action accrued.

Defendant, **YUNUS ISMOILOVICH SHIRINOV** is an individual residing in Aurora, Colorado, and was a non-resident individual doing business in the State of Texas at the time the instant cause of action accrued, who was involved in an auto collision occurring in the State of Texas, with a home address of **17710 E. Hamilton Circle, #126, Aurora, Colorado**, and in accordance with Sections 17.062 and 17.044 of the Texas Civil Practice and Remedies Code, respectively, Defendant may be served with process by serving the Chairman of the Texas Transportation Commission at the following address:

**RECEIVED**

MAR 1 1 2016

**GENERAL COUNSEL**

Chairman, Texas Transportation Commission
125 E. 11th St.
Austin, Texas   78701-2483

and/or by serving the Texas Secretary of State at the following address:

Texas Secretary of State
Attn: Citations Unit
P.O. Box 12079
Austin, Texas 78711-2077

Defendant, **BNS TRUCKING, INC.** is a foreign corporation, partnership, professional association, or in the alternative, a sole proprietorship, and is sued in whatever capacity it may exist, doing business in the State of Texas at the time the instant cause of action accrued, who was, through its agent, Defendant, **YUNUS ISMOILOVICH SHIRINOV**, involved in an auto collision occurring in the State of Texas, with a principal home office address of **6 W. Pebble Court, Palos Hills, Illinois,** and in accordance with Sections 17.062 and 17.044 of the Texas Civil Practice and Remedies Code, respectively, Defendant may be served with process by serving the Chairman of the Texas Transportation Commission at the following address:

Chairman, Texas Transportation Commission
125 E. 11th St.
Austin, Texas   78701-2483

and/or by serving the Texas Secretary of State at the following address:

Texas Secretary of State
Attn: Citations Unit
P.O. Box 12079
Austin, Texas 78711-2077

All acts and/or omissions of negligence by Defendants, or each of them, as alleged herein, occurred in Laredo, Webb County, Texas. At this time, this action is filed as a **Level III** case for discovery purposes pursuant to the Texas Rules of Civil Procedure.

II.

Plaintiffs bring this suit to recover damages for personal injuries sustained by Plaintiff as a result of an auto and tractor-trailer collision occurring in Laredo, Webb County, Texas, on or about the 21st day of May, 2014, which collision was proximately caused by the negligence of the Defendants, or each of them, as hereinafter more specifically alleged.

On or about said date, at approximately 3:16 o'clock p.m. on a Wednesday morning, Plaintiff, **ANA CLARISSA VALDEZ** was operating her 2013 white Kia "Optima" automobile in a southerly direction on the 100 block of Los Cabos Street in Laredo, Webb County, Texas. As Plaintiff's vehicle proceeded to execute a right turn onto the Bob Bullock Loop, suddenly, and without warning, a 2014 white Volvo tractor and trailer rig being driven by Defendant, **YUNUS ISMOILOVICH SHIRINOV,** while in the course and scope of his employment for, or in the furtherance of the business of Defendant, **BNS TRUCKING, INC.** unsafely, and without properly yielding the right-of-way, turned right encroaching into Plaintiff's oncoming vehicle and traffic lane, causing a violent collision between the two vehicles.

Plaintiff, **ANA CLARISSA VALDEZ** sustained serious, painful and permanently disabling injuries directly resulting from the negligent, and/or grossly negligent conduct and/or omissions of Defendants, as above described.

III.

Defendant, **YUNUS ISMOILOVICH SHIRINOV** was negligent on the occasion in question, and said negligence was a proximate cause of the collision in question and the resulting injuries and damages to the Plaintiff. Further, Defendant, **YUNUS ISMOILOVICH SHIRINOV** was acting in the course and scope of his employment with, or in the furtherance of the business of Defendant, **BNS TRUCKING, INC.** as an employee, statutory employee or a borrowed employee, at the time of the subject auto collision; therefore, Defendant, **BNS TRUCKING, INC.** is legally responsible for Plaintiff's damages under the doctrine of *respondeat superior*.

IV.

At the time and on the occasion of the occurrence made the basis of this suit, referenced in paragraph II, above, the resulting injuries and damages to the Plaintiff, **ANA CLARISSA VALDEZ** were proximately caused by the negligent conduct of Defendants, or each of them, in one or more of the following respects:

1. In failing to keep such lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

2. In failing to timely apply the brakes to his vehicle in order to avoid the collision in question;

3. In failing to take evasive action to avoid the collision in question;

4. In failing to sound the motor vehicle's horn;

5. In failing to remain attentive to the traffic situation;

6. By changing lanes when it was unsafe to do so, violating TDH chapter 9 and Texas Transportation Code §§ 545.060(a), 545.206 and 545.417;

7. In failing to properly yield the right-of-way to Plaintiff's vehicle, violating TDH chapter 4 and 9 and Texas Transportation Code §§ 541.401, 544.003, 544.004, 545.051(a)(2), 545.061, 545.151, 545.155 and 545.256;

8. In failing to execute a proper right-hand turn, violating TDH chapter 4 and 6 and Texas Transportation Code §§ 545.101 and 545.107.

9. In recklessly driving, violating Texas Transportation Code Section 545.401.

Each of these acts and/or omissions, singularly or in combination with others, constituted common law negligence and/or negligence **per se** which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages, as alleged.

V.

On or about May 21, 2014, Defendant, **BNS TRUCKING, INC.** lent and entrusted their above-described motor vehicle to Defendant, **YUNUS ISMOILOVICH SHIRINOV** for the purpose of operating it on the public streets and highways of Texas and thereafter, Defendant, **YUNUS ISMOILOVICH SHIRINOV** operated the motor vehicle with the knowledge, consent and permission of **BNS TRUCKING, INC.** At such time, Defendant, **YUNUS ISMOILOVICH SHIRINOV** was unfit to safely operate a motor vehicle on the public streets and highways in that:

Defendant, **YUNUS ISMOILOVICH SHIRINOV** was a reckless, incompetent, unlicenced and/or irresponsible motor vehicle driver as evidenced by his driving record and experience prior to the occurrence in question.

VI.

Defendant, **BNS TRUCKING, INC.** knew, or in the exercise of reasonable and ordinary care, should have known, of the above-described conditions, effects or circumstances affecting Defendant, **YUNUS ISMOILOVICH SHIRINOV** and therefore, knew, or in the exercise of reasonable and ordinary care, should have known, that Defendant, **YUNUS ISMOILOVICH**

**SHIRINOV** was an incompetent, irresponsible, unlicenced and/or reckless driver and would create an unreasonable risk of danger to persons and property on the public streets and highways of Texas, and were thereby negligent in hiring, retaining and entrusting their vehicle to him.

VII.

Plaintiffs further allege that the tortuous conduct of Defendant, **BNS TRUCKING, INC.** described in paragraph VI. herein constituted acts or omissions that involved an extreme degree of risk of harm to the public, including the Plaintiff, of which said Defendant had actual, subjective awareness, and which could only have resulted from a conscious indifference to the rights or welfare of others, including the Plaintiff, entitling Plaintiff to recover exemplary, punitive damages. Plaintiff hereby sues for exemplary, punitive damages in the amount of Five Hundred Thousand Dollars ($500,000.00).

VIII.

As a direct and proximate result of the heretofore described negligence of Defendants, or each of them, Plaintiff has suffered severe physical injuries and sustained permanent bodily impairment and disfigurement, loss of earnings, and a loss of earning capacity in the future. Plaintiff has experienced significant physical pain and mental anguish and will, in reasonable probability, continue to do so in the future by reason of the nature and severity of Plaintiff's injuries.

IX.

As a further direct and proximate result of the heretofore described negligence of Defendants, or each of them, Plaintiff has incurred reasonable and necessary medical expenses for treatment of her above- described injuries, and within reasonable medical probability will incur more reasonable and necessary medical expenses in the future, and for the rest of her natural life in treatment of

Plaintiff's injuries.

X.

As a further direct and proximate result of the heretofore described negligence of Defendants, or each of them, Plaintiff has incurred property damages consisting of damage to her vehicle, loss of use of her vehicle, and/or a diminished market value of her vehicle due to said vehicle damages.

XI.

## REQUEST FOR DISCLOSURE

In accordance with Tex.R.Civ.P.194, each named Defendant is requested to disclose to Plaintiff at the offices of the undersigned counsel for Plaintiff, within fifty (50) days of service of this request, the information or material described in Rule 194.2(a)-(l).

XII.

By reason of the above and foregoing, Plaintiffs have been damaged in a sum in excess of $100,000.00, and the minimum jurisdictional limits of this Court.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants be cited to appear and answer herein, and that upon final trial of this cause, Plaintiff have judgment against Defendants, jointly and severally, for the following:

1. Plaintiff's actual damages as set forth above, in an amount in excess of the minimum jurisdictional limits of this Court;

2. Punitive, exemplary damages in the sum of at least $500,000.00;

3. Prejudgment interest, as it accrues from the date of injury, at the legal rate;

4. Interest on said judgment at the legal rate from the date of judgment;

5. Plaintiff's costs of Court;

6. Such other and further relief, at law or in equity, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

TOUDOUZE LAW
A Professional Corporation
19210 Huebner Road, Suite 101
San Antonio, Texas 78258-3103
E-mail address: atsalaw@aol.com
E-mail address: mariec5000@yahoo.com
(210) 271-7110 Telephone
(210) 499-4955 Telefax

BY: _____
AUGUST TOUDOUZE
State Bar No. 20151200

ATTORNEY FOR PLAINTIFF

**JURY DEMAND**

Plaintiff respectfully demands a trial by jury.